# IN THE COURT OF APPEALS OF IOWA

No. 22-1002
Filed August 30, 2023

**T.M., on behalf of A.W., a child,**
    Plaintiff-Appellee,

**vs.**

**J.W.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

J.W. appeals the entry of a protective order for relief from sexual abuse under Iowa Code chapter 236A (2022). **AFFIRMED.**

Peter G. Gierut of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for appellant.

T.M., Davenport, self-represented appellee.

Considered by Schumacher, P.J., Badding, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

J.W. appeals the entry of a protective order for relief from sexual abuse under Iowa Code chapter 236A (2022). He challenges the sufficiency of the evidence supporting the court's finding that he committed sexual abuse. Because substantial evidence supports the district court's finding that J.W. sexually abused A.W., we affirm.

T.M. and J.W. are the parents of eleven-year-old A.W. In January 2022, T.M. petitioned for relief from sexual abuse on A.W.'s behalf, alleging J.W. sexually abused A.W. It is not the first time T.M. accused J.W. of sexually abusing A.W. Past allegations of abuse were investigated by the Iowa Department of Health and Human Services, which concluded they were not founded.

Both T.M. and J.W. testified at the hearing on T.M.'s petition. The court also conducted an in-camera interview of A.W. without T.M. and J.W. present. Based on what A.W. stated in that interview, the court found T.M. proved the allegations in her petition and issued a protective order. *See* Iowa Code § 236A.3(2) (requiring that the court issue a protective order if it finds by a preponderance of the evidence that sexual abuse occurred).

We review these proceedings for correction of errors at law. *See* Iowa R. App. P. 6.907. For claims of insufficient evidence, we view the evidence in the light most favorable to upholding the court's findings. *See Grinnell Mut. Reins. Co. v. Jungling*, 654 N.W.2d 530, 535 (Iowa 2002). If those findings are supported by substantial evidence, we are bound by them. *Id.* But we will not substitute our own findings for those of the district court simply because the evidence supports different inferences. *See Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*,

763 N.W.2d 250, 257 (Iowa 2009). We do not ask if the evidence would support a different finding; our only concern is whether the evidence supports the finding made by the court. *See id.*

To issue a protective order under chapter 236A, the court must find by a preponderance of the evidence that the defendant has engaged in sexual abuse. *See* Iowa Code §§ 236A.3(2), .7(1). "A preponderance of the evidence is evidence 'that is more convincing than opposing evidence' or 'more likely true than not true.'" *In re K.D.*, 975 N.W.2d 310, 320 (Iowa 2022) (citations omitted). J.W. contests the finding that he sexually abused A.W. He challenges A.W.'s and T.M.'s credibility, arguing that their statements are inconsistent. In contrast, he claims that he voluntarily participated with investigations of their claims and consistently denies abusing A.W.

"It is well settled that the credibility of witnesses and the weight to be given their testimony is a matter peculiarly for the trier of fact." *Nichols v. Schweitzer*, 472 N.W.2d 266, 275 (Iowa 1991). In reaching its determination that J.W. sexually abused A.W., the district court made explicit credibility findings about A.W.'s and J.W.'s credibility:

> The Court finds A.W. credible in their statements outlining sexual abuse by [J.W.] The Court finds the child credible based on their demeanor and description of the abuse. The manner in which the child outlined abuse did not strike the Court as having been coached or prompted by another person. Sadly, A.W.'s credibility is bolstered by some of the mental health struggles they have had recently. The Court does not find [J.W.] credible as he is unable to recount many facts and has inconsistent explanations for issues raised during the proceedings.

We give strong deference to these findings because the district court had the advantage of listening to and observing each witness's demeanor firsthand rather

than relying on a cold transcript. *See In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989); *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984).

Considering the district court's credibility findings, a reasonable mind could conclude it is more likely than not that J.W. sexually abused A.W. Because substantial evidence supports the finding reached by the district court, we affirm.

**AFFIRMED.**